KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Rm. 6301
Seattle, WA 98101-1271
(206) 370-5330

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re ) | |
| ) | Chapter 13 |
| NATH, RICHARD & MARJORIE, ) | Bankruptcy No. 08-10491 |
| ) | |
| ) | |
| Debtors. ) | ORDER DENYING, WITHOUT |
| ) | PREJUDICE, MOTION FOR PRE- |
| _____) | CONFIRMATION ATTORNEYS' FEES |

This matter came before the Court on the debtors' Motion for Original Attorney Fees & Costs, Notice of Hearing and Proof of Service (the "Original Fee Application"), pursuant to which counsel for the debtors requests entry of an order allowing pre-confirmation attorneys' fees and costs in the total amount of $4,065.08. The proposed order allowing the fees and costs is in the form I have previously approved for pre-confirmation fee requests. In light of Judge Brandt's recent ruling in *In re Paul & Diane Joe* (Case No. 07-43787) and *In re Barbara J. Mangini* (Case No. 08-10080), however, I reconsider the use of the procedure for approving pre-confirmation fees and costs and adopt instead the procedure and proposed order described by Judge Brandt in the *Joe* and *Mangini* cases.

Similar to the applications in *Joe* and *Mangini*, the Original Fee Application is based on generic projected services and the applicant's proposed order leaves the filing of a formal application detailing actual services entirely to the discretion of the applicant. Although the proposed form of order, which I have previously approved,

ORDER - 1

acknowledges that the ultimate fee award is to be based on actual billings, rather than the estimates contained in the Original Fee Application, the proposed order does not require the applicant to file billing statements showing the actual fees incurred. Instead, it requires counsel to submit a revised fee request only if the fees actually incurred are higher than those initially approved or to refund any fees received which are in excess of actual billings.

As in *Joe* and *Mangini*, the Original Fee Application in this case merely projects services and charges based on the applicant's experience with other chapter 13 cases; it does not detail the services actually rendered to these particular debtors, nor does it detail any specific contact with creditors, the trustee's office, etc. The Original Fee Application is not sworn under penalty of perjury nor does it state whether there is an agreement or understanding to share compensation as required by LBR 2016-1(e).

NOW, THEREFORE, for the reasons stated in the Memorandum Re Pre-Confirmation Fees in *In re Paul & Diane Joe* (Case no. 07-43787) and *In re Barbara J. Mangini* (Case no. 08-10080), docketed March 13, 2008, it is hereby ORDERED:

1. The Original Fee Application is DENIED without prejudice.

2. The applicant shall refile the request for fees in accordance with Judge Brandt's decision in *Joe* & *Mangini* and submit a proposed order in the form attached hereto as Exhibit A.

**/// - END OF ORDER - ///**

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

ORDER - 2

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON**

| In re: | |
|---|---|
| [DEBTOR(S)], | No. |
| Debtor(s). | ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES AND COSTS |

Before the court is debtor's counsel's application for pre-confirmation fees and costs. Having considered the application and the records and files herein, and finding that appropriate notice has been given and the services projected to be rendered to debtor(s) and costs expended on behalf of debtor(s) are reasonable and necessary, IT IS ORDERED:

1. The applicant is conditionally awarded pre-confirmation attorney fees of $_____ and reimbursement of costs of $_____, of which $_____ has been paid, leaving a balance of $_____; PROVIDED that, within thirty (30) days of confirmation, applicant shall submit an application for compensation and reimbursement of costs in accordance with the Bankruptcy Code and pertinent rules, failing which the award for pre-confirmation services will be limited to the presumptive fee established by Local Bankruptcy Rule 2016-1(e). If the compensation and reimbursement of expenses ultimately awarded is less than that conditionally awarded by this order, counsel shall disgorge any excess compensation received to the chapter 13 trustee; and

ORDER - 3

2. The chapter 13 trustee is authorized to disburse the compensation and reimbursement of expenses conditionally awarded by this order on confirmation.

*///  - **END OF ORDER -** ///*

ORDER - 4